## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| IESHIA HOLLINS JONES | CIVIL ACTION NO. 3:17-cv-01039 |
| VS. | JUDGE TERRY A. DOUGHTY |
| WAL-MART LOUISIANA, LLC, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending here is the Motion for Partial Summary Judgment Regarding Plaintiff's Economic Damages and Wage Loss Claims filed by Defendants Wal-Mart Louisiana, LLC and Wal-Mart Stores Inc. (collectively "Wal-Mart") [Doc. No. 51]. Defendant Ieshia Hollins Jones ("Jones") has filed an opposition [Doc. No. 63]. Wal-Mart has filed a reply [Doc. No. 73].

For the foregoing reasons, the motion is GRANTED.

## I.  FACTS AND PROCEDURAL HISTORY

Jones filed this lawsuit following a slip and fall accident at a Wal-Mart Store in West Monroe, Louisiana on August 16, 2016. As a result of the accident, she claims to have sustained economic damages and lost wages. In its motion, Wal-Mart contends, first, that all of Jones' alleged economic losses are actually those of a company called Direnzic Technology & Consulting, LLC, ("Direnzic"), and that none of the alleged losses belong to Jones. Secondly, Wal-Mart contends that the record is void of any documentation or support for Jones' claim that she personally suffered lost wages. Wal-Mart therefore seeks summary judgment dismissing Jones' claims for economic damages and wage loss claims with prejudice

Wal-Mart asserts that when Jones submitted her Initial Witness and Exhibit Lists in December 2017, she did not identify any documentation that might support her economic

damage claims or her lost wage claims. Wal-Mart then deposed Jones on January 4, 2018, and requested information pertaining to these claims.

Jones testified that she owns her own technology management and consulting limited liability company, Direnzic [Doc. No. 51-5, p. 18]. She does not take a salary but draws from the company if there is a profit [*Id*., pp. 20-21]. She could not calculate the amount of her lost wages, but she testified that she initially missed only four to five days of billing for Direnzic following the accident due to pain, and additional days to attend doctors' appointments [*Id*., pp. 18-20].

Wal-Mart asserts that Jones' testimony revealed that her lost wage claims were premised on losses her company allegedly incurred, not losses of Jones in her personal capacity. Specifically, Jones claimed that she canceled a Direnzic seminar she planned to host in the days after the accident, and that she could not bid on at least two projects on behalf of Direnzic [*Id*., pp. 29-30, 92-94]. Jones was unable to establish the company expenses lost for having to reserve the class area and books and could provide no details regarding the company's alleged lost project bids, such as the time frame or income lost for them [*Id*., pp. 92-94]. Nonetheless, Jones testified that her company did not lose any clients because of the accident, and she could not say whether she lost any new business [*Id*., pp. 28-29].

However, on the morning of a scheduled mediation on August 20, 2018, Jones provided a self-calculation of her company's alleged economic losses, purporting to show lost income of $48,410.00 and "potential" lost wages in the amount of $6,661,820.00, which she attributed to Direnzic's loss of the opportunities to bid on projects. [Doc. No. 51-6, Plaintiff's "Lost Wage Data" Worksheet].

Despite her alleged claims of company losses in the millions of dollars, Jones' Schedule C tax returns for Direnzic for 2015 and 2016 showed gross receipts of $9,129.00 and $17,500.00, respectively. [Doc. No. 51-10].

On February 6, 2019, Wal-Mart re-deposed Jones about her alleged economic and wage loss claims. Jones confirmed the losses she is claiming were not sustained by her personally, but by Direnzic [Doc. No. 51-7, p. 79]. These alleged losses include hours the company would have billed to clients, a company seminar cancelation, accounts payable the company paid out to contractors, time that the company could not bill while she was at the doctor's office, and bids the company did not complete and/or timely deliver, which totaled the $6,661,820.00 she is seeking [Id., pp 50-79].

Wal-mart argues in its motion for partial summary judgment that since none of the alleged losses are those that belong to Jones, and since the record is void of any documentation or support for Jones' claim that she personally suffered lost wages, it is entitled to summary judgment dismissing Jones' claims for economic damages and wage loss claims with prejudice.

Jones responds that, as the owner of Direnzic, her personal income is based on her Schedule C that is filed with her personal 1040 taxes; therefore, any profit of the business is considered her personal taxable earning. She argues that she is not attempting to assert a claim on behalf of Direnzic for business losses, but, rather, is asserting a claim for her own personal lost wages. In support of her argument, she attaches the Affidavit of Johann V. Hollins, the preparer of her income tax returns [Doc. No. 63-2].

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. **Wal-Mart's Statement of Uncontested Facts is Deemed Admitted**

Jones did not file a Statement of Contested Facts in response to Wal-Mart's Statement of Uncontested Facts. This Court's Local Rule 56.2 provides:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

Accordingly, the following facts, which were set forth in Wal-Mart's Statement of

Uncontested Facts [Doc. No. 51-2], are deemed admitted for purposes of this motion:

    1. Jones is the owner and sole member of Direnzic Technology and Consulting, LLC, a limited liability company.

    2. Jones does not earn or take a salary.

    3. Jones's business did not lose any clients because of the accident, and Jones has no evidence that her business lost any new business.

    4. Jones has not lost any wages in her personal capacity as a result of the incident in issue.

    5. The alleged economic losses Jones claims in this personal injury litigation are not losses sustained by Jones, personally, but by the business, Direnzic.

    6. All of the economic losses claimed by Jones in this lawsuit are alleged losses sustained by Direnzic and not by Jones, personally.

    7. Jones cannot claim damages for any change in business or corporate earnings of Direnzic which is not reflective of alleged actual wage losses of the individual.

The Court finds that, based upon these undisputed facts alone, Wal-Mart's motion should be granted. The Court further finds that Wal-Mart's motion should be granted for the following additional reasons.

    **C.**     **Alleged Economic Damages and Wage Loss Claim**

Wal-Mart contends that all of Jones's alleged economic losses are actually those of Direnzic and that Jones has no cause of action to claim damages for the economic losses of Direnzic.

At the outset, the Court notes that, under Louisiana law, a merchant such as Wal-Mart owes no duty to a limited liability company such as Direnzic. This is a diversity action; therefore, Louisiana substantive law applies. See *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). As

5

noted by the Court in *Am. Rebel Arms, L.L.C. v. New Orleans Hamburger & Seafood Co.*, 15-599 (La. App. 5 Cir. 2/24/16), 186 So. 3d 1220, 1223-24, the Louisiana legislature did not intend for a Louisiana merchant's duty to extend to limited liability companies. The Court stated that La. R.S. 9:2800.6 provides that "a merchant owes a duty to persons who use his premises...," and the scope of the merchant's duty does not extend further than those natural persons who use the premises.

Therefore, Wal-Mart owed no duty to Direnzic.

Further, under Louisiana law, limited liability companies are distinct juridical persons separate and apart from their members, managers, officers and owners. La. C.C. art. 24; La. R.S. 12:1303. As a matter of law, a corporation does not have a cause of action in a personal injury tort suit for recovery of economic loss damages based on personal injuries sustained by an employee, including those employees closely associated with the corporation such as an owner, president, or sole shareholder. *James v. Lincoln Gen. Ins. Co.*, No. CIV. 09-0727, 2011 WL 3878339, at *5 (W.D. La. Aug. 30, 2011). The same applies to limited liability companies. *Captville v. Liberty Mut. Ins. Co.*, No. CIV.A. 10-267-JJB, 2012 WL 112992, at *6 (M.D. La. Jan. 12, 2012), *adhered to on reconsideration*, No. CV 10-267-JJB-SCR, 2012 WL 13001554 (M.D. La. Mar. 16, 2012) ("[N]either corporations nor LLCs have a cause of action for claims of economic loss based on personal injuries sustained by an employee or even an owner."); *Duxworth Roofing & Sheet Metal Inc. v. Assurance Co. of Am.*, No. CV 15-2150, 2016 WL 10574682, at *3 (E.D. La. Apr. 11, 016) (economic losses of an LLC are not recoverable based upon personal injury of an employee.).

As the *Am. Rebel Arms* Court explained:

> No member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company." La. R.S. 12:1320(B). Likewise, members have no interest in a limited liability company's property. La. R.S. 12:1329. Consequently, members of a limited liability company have no right to sue personally for damages to limited liability company property. *Ziegler v. Hous. Auth. of New Orleans*, 12-1168 (La.App. 4 Cir. 4/24/13), 118 So.3d 442, 450. From this, the corollary follows that a limited liability company does not have a right to sue for damages based on the personal injuries of one of its members. *See Captville v. Liberty Mut. Ins. Co.*, 2012 U.S. Dist. LEXIS 3711, 2012 WL 112992, *6 (M.D. La.2012) ("[N]either corporations nor LLCs have a cause of action for claims of economic loss based on personal injuries sustained by an employee or even an owner.").

*Id*, at 1224–25.

Therefore, Direnzic has no cause of action against Wal-Mart for the damages Jones allegedly suffered in the slip and fall, and Jones has no right to sue personally for damages to Direnzic property.

As to the question of whether Jones has a right of action and/or cause of action to bring claims for losses of her limited liability company against Wal-Mart in her personal capacity, a plaintiff in a personal injury suit cannot claim damages for any change in business or corporate earnings of the plaintiff's business, which is not reflective of the alleged actual wage losses of the individual. *Butler v. Home Depot U.S.A., Inc.*, No. CV 16-1718, 2018 WL 1918086, at *4 (W.D. La. Apr. 23, 2018) (finding that a change in business or corporate earnings of the plaintiff's private law practice is not reflective of her lost wages as an individual.).

In this case, Jones testified consistently that she has not personally lost wages, she did not earn or take a salary, and that all of the alleged losses claimed in this litigation were suffered by her business, not by her personally.

Additionally, the Hollins Affidavit [Doc. No. 63-2] indicates that she takes a draw, as the

owner of her company for year-end profits, but does not establish that she had earned wages, or would have earned wages but for the injuries she allegedly sustained in the accident.

In a personal injury suit, the plaintiff who owns an LLC is not entitled to recover lost "draws" (i.e. "income of the LLC left over after expenses, wages, and taxes are paid") from the LLC, but can only recover wages paid on behalf of the LLC to the plaintiff. *Captville*, 2012 WL 13001554, at *1.

The United States District Court for the Middle District of Louisiana in *Captville* provided a clear explanation for the distinction between a wage earned and a company draw:

> A wage is generally defined as "compensation of an employee based on time worked or output of production." Black's Law Dictionary (8th ed. 2004). In contrast, a draw is generally based off of the profits of a business, at a given interval, equal to the member's equity stake in the company. Thus, because Captville and her husband are the sole members of Trinity Enterprises, LLC, she may receive income from Trinity in two ways: (1) wages she is paid as an employee of the company based on work she performs, and (2) draws she receives as an owner of the company based on the company's performance. The latter is not necessarily tethered to the former, though they may be causally related.

*Captville*, 2012 WL 13001554, at *1 (M.D.La., 2012).

The *Captville* Court held that the personal injury plaintiff was entitled to recover for lost wages, which are a personal loss, but was not entitled to recover for lost draws, which are attributable to the company's losses, explaining, "the economic loss rule does not allow [Plaintiffs] to recover lost earnings of the LLC in an action for lost wages because that would entail [the Plaintiff] improperly asserting the LLC's claim. *Id*. This makes sense because Limited Liability Companies are distinct and separate legal entities from the company owners.

In this matter, Jones was questioned on multiple occasions, through written discovery and

8

deposition testimony, regarding her economic damage claims, and each time, she confirmed the claimed losses were those of the company, Direnzic, not losses personally sustained by her. [Doc. No. 51-5, pp. 21, 24, 28-29; Doc. No. 51-7, pp. 40-43; pp. 51-53; pp. 68-69; pp. 79-80]. Because any losses sustained by Direnzic in the form of canceled seminars, hired contractors, lost bids and/or billable hours worked are exclusively those of the company, Jones cannot personally recover for same.

The uncontradicted summary judgment evidence shows that all of Jones' alleged economic losses are actually those of Direnzic and that none of the alleged losses belong to Jones. Therefore, her economic loss claim should be dismissed.

With regard to lost wages, ultimately, it is the plaintiff's burden to prove that past lost wages resulted from the accident in question. *Butler*, supra; *Saucier v. State Farm Mut. Auto. Ins. Co.*, No. CV 14-3157, 2016 WL 3977253, at *2 (W.D. La. July 20, 2016), *citing ANMAC Found. Inc. v. St. Patrick Hosp. of Lake Charles*, 594 So. 2d 951, 956 (La. App. 3 Cir. 2/12/92).

Because Jones has not put forth any independent evidence reflecting the wages she lost or that she would have earned wages but for the incident giving rise to this litigation, her alleged wage loss claim must be dismissed.

### III. CONCLUSION

The record lacks any evidence of economic losses and/or wages lost personally by Jones. The only evidence produced establishes that the economic losses alleged are losses attributable to Direnzic, and are not recoverable by Jones in her personal capacity in this personal injury lawsuit against Wal-Mart as a matter of law.

Accordingly, Wal-Mart's Motion for Partial Summary Judgment Regarding Plaintiff's

Economic Damages and Wage Loss Claims [Doc. No. 51] is GRANTED and all economic damage claims and wage loss wage claims asserted by Jones are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 29th day of August, 2019.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE**